U. S. DISTRICT COURT
Eastern District of Louisiana
FILED JAN 6 2005
LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

TERRANCE WILLIAMS,
    Movant,

vs.

    Case No.: 03-CV-1079-B (2)
    Crim. No.: 98-CR-57-1

UNITED STATES OF AMERICA,
    Respondent.
_____/

### MOVANT'S MOTION FOR LEAVE TO ADVANCE CASE ASSIGNMENT TRACK TO LEVELS 2 AND 3 FOR DISCOVERY AND APPOINTMENT OF COUNSEL

Pusuant to Rule 6(a) and (b) governing 28 U.S.C. section 2255, Terrance Williams, Movant, *pro se*, and respectfully moves this Court for leave to invoke the processes of discovery, for the following reasons:

1. Movant have a section 2255 motion pending in this Court which he asserts a claim of ACTUAL INNOCENCE.[1]

2. Concerning this specific count of the indictment, both Movant and the government refers to the "factual basis" and the "summaries" to support their contentions.

---

[1] Specifically, Count Two of the indictment charged that Movant violated Title 21, United States Code, Section 848, Continuing Criminal Enterprise (CCE). Interestingly other then a factually as well as legally erroneous guilty plea (See pgs. 7-31 of Amended Memorandum of Facts and Law of ¶2255), the government only relies on "summaries" of intercepted telephone calls between Movant and others between February 18 and March 1998. It's no need to say that the portions of the "summaries" was in fact put together by the government.

___Fee_____
___Process___
_X_Dktd_____
_X_CtRmDep___
Doc. No. 329

3. Therefore, in order to aid in developing the facts necessary to decide whether to order an evidentiary hearing on this claim or to grant Movant's 2255 motion on this claim after an evidentiary hearing, Movant request that counsel be appointed to:

a. Obtain and have transcribed **all** of the intercepted telephone conversations between February 18 and March 11 of 1998;

b. Take interrogatories and request for admission on Byron Thomas, Euclides Jacobo Parra, Darryl Moore, Donald Dyer, Alton Petterson, and Kibibi Davison.

c. Obtain the Grand Jury testimonies partaining to this very issue.[2]

## MEMORANDUM OF LAW

Rule 6 of the Rules governing 28 U.S.C. § 2254 and 2255 proceedings entitles litigants as Movant to request the discovery process available under the Federal Rules of Civil Procedure, if good cause shown and, the Court exercises his discretion allowing discovery. It should be noted that Federal Rules of Civil Procedure, Rule 26(a) through 36 provides a wide range of discovery devices available which includes but not limited to: depositions, production of documents or other physical materials, physical and mental examinations, request for admission and interrogatories etc. Courts also may appoint counsel for indigent prisoners if necessary for effective utilization of discovery too. See 18 U.S.C. § 3006A(g).

---

[2] If this Court believe it to be unnecessary to appoint counsel for the production of the requested discovery e.g. a-c above, Movant request that the telephone conversations be transcribed as well as the Grand Jury testimonies and be forewarded to him. And as for the interrogatories and admissions, that he, per Order of this Court have permission to get such did.

In <u>Murphy v. Johnson</u>, 205 F.3d 809, 813 (5th Cir. 2000), the court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." Id. See <u>Hill v. Johnson</u>, 210 F.3d 481 (5th Cir. 2000); <u>Gibbs v. Johnson</u>, 154 F.3d 253,258 (5th Cir. 1998).

In the case sub judice, Movant not only seeks to have all of the intercepted conversations of him and co-defendants, as well as interrogatories did upon them, but the relevant grand jury testimoneis as well. Movant specifically contend that the whole story, reflecting that he is indeed ACTUALLY INNOCENT of the CCE, will easily be discovered by reviewing the grand jury testimonies. Grand jury testimonies are too appropriate in such circumstances. See <u>U.S. v. Moten</u>, 582 F.2d 654 (2d. Cir. 1978). In <u>Moten</u>, the court saw it appropriate for the defendant to obtain the grand jury testimonies in a post trial proceeding specifically stating that "the interst of the accused in learning the whole story does not end with the trial." at 661. In the instant case Movant already **know** the "whole story" and contending that the grand jury testimoney will assist this court in knowing the truth, which is Movant did not organize, supervise, and/or manage five or more people in the instant charged indictment.

In light of Movant contention that he is actually innocent of the CCE, "[a]fter all, '(s)unlight is said to be the best of disinfectants.'" Id. at 660. The requested discovery undoubtedly

3

is appropriate in this instant case.

## CONCLUSION

Good cause for discovery has been established based upon the specific nature of the allegations Movant has presented and the concrete nature of the "summaries" of intercepted tape recordings that so far obviously support the contentions of the Movant, that being the instant case, this Court should grant discovery.

Respectfully submitted,

*Terrance E. Williams*
Terrance E. Williams
#25958-034 Unit 5-B
USP McCreary
P. O. Box 3000
Pine Knot, KY. 42635

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been deposited in the USP McCreary legal mail-box, with the appropriate stamps affixed, addressed to: AUSA, Robert J. Boitmann, Hale Boggs Federal Building, 501 Magazine Street, Room 210, New Orleans, LA. 70130, this 30th day of December, 2004.

*Terrance E. Williams*
Terrance E. WIlliams
#25958-034 Unit 5-B
USP McCreary
P. O. Box 3000
Pine Knot, KY. 42635

Movant, pro se