IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

TERRANCE E. WILLIAMS,
    Movant,

vs.

Case No.: 03-CV-1079-B
Crim. No.: 98-CR-57-1

UNITED STATES OF AMERICA,
    Respondent.
_____/

MOVANT'S MOTION FOR LEAVE TO AMEND
AMENDED 28 U.S.C. §2255 MOTION, IN LIGHT OF
UNITED STATES V. BOOKER, 543 U.S. ___ (2005)*

Pursuant to F.R.Civ.P. Rule 15 et. al., Movant TERRANCE E. WILLIAMS, pro se, in want of counsel, asks this Honorable Court to grant this MOTION FOR LEAVE TO AMEND AMENDED 28 U.S.C. §2255 MOTION, IN LIGHT OF UNITED STATES V. BOOKER, 543 U.S. __ (2005), and in support thereof, says:

I.   PROCEDURAL BACKGROUND

Movant presently have a §2255 motion pending in this Court whereby the respondent have filed it's response thereto. Likewise, Movant have amended his §2255 motion, filed affidavits in support, and even a motion to expand the record. The Respondent so responded when it thought necessary.

On or about October 1, 2004, Movant filed a MOTION FOR LEAVE TO AMEND, OR IN THE ALTERNATIVE, SUPPLEMENT, AMENDED 28 U.S.C. §2255 MOTION, IN LIGHT OF BLAKELY V. WASHINGTON, 124 S.Ct. 2531 (2004). Respondent filed it's response on or about October 15,

---

* Together with Booker, supra., United States v. Fan fan, was heard and ultimately decided with the same holding.

2004, and Movant filed his reply on or about October 27, 2004. This Court have yet made a ruling on the motion.

Movant incorporates by reference his amended §2255 motion and Traverse (reply) motion thereof, likewise, Motion for Leave to Amend, or in the Alternative, Supplement, Amended 28 U.S.C. Motion, in Light of <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and Reply thereof, e.g. all fact, claims, etc., as if set forth fully herein.

## II. JUDICIAL NOTICE

Judicial notice should be taken of the fact that on or about Janurary 12, 2005, the U.S. Supreme court announced that <u>Blakely v. Washington</u>, supra., do in fact applies to the Federal Sentencing Guidelines ("FSG")[1], as Movant explains to this Court in his October 1, 2004, Motion to Amend.

Moreover, Movant contends that the <u>Blakely</u> and <u>Booker</u>, supra., decisions has recognized a new right which is retroactively applicable on collateral review because "[t]here can be no doubt that the court's severability analysis [of 18 U.S.C. §3553(b)(1)] has produced a scheme dramatically different from anything Congress has enacted since 1984[,]" announcing today's Sixth Amendment holding. (<u>Booker</u>, supra. Justice Scalia J. dissenting, in part.).

---

[1] The holding in <u>Blakely</u>, supra., likewise <u>Booker</u>, supra., is that the FSG is unconstitutional, in part, because it is in direct violation with the Sixth Amendment "jury trial". The unconstitutional parts of the FSG allowed judges to determine the maximum sentence, based on the "real conduct", and by the preponderance of the evidence standard, rather then "**solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.**" Id.

2

III. COLLATERAL REVIEW RETROACTIVITY OF THE DECISIONS

A. 18 U.S.C. §3553(b)(1):

> "Application of guidelines in imposing a sentence ... the court shall impose a sentence of the kind, and within the range ... unless the court finds that there exists an aggravating or mitigating circumsatnce of a kind, or to a degree, not adequately taken into consideration by the Sentencing commission in formulating the guidelines ... In determining whether a circumstance was adequately taken into consideration, the Court shall consider only the sentencing Guidelines, ... In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence ... In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders ..."

(Booker, supra.; Appendix).[2] Ultimately, it is this statute, Section 3553(b)(1) of Title 18, (and not the FSGs themselves, per se) that mandates application of the FSGs, which was passed as part of the Sentencing Reform Act of 1984 ("Reform Act").

Section 3553(b)(1), do not compart with today's Sixth Amendment, therefore, it has been held "unconstitutional". Specifically, because it directs judges to determine the "substantive" **real conduct** by a preponderance of the evidence standard, charged and uncharged. See United States Sentencing Guidelines ("USSG")

---

[2] Title 18 U.S.C. §3742(e), was also declared "unconstitutional" and too was attached as an Appendix, which reads, in part: "The court of appeals shall give due regards to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court ... shall give due deference to the district court's application of the guidelines to the fcats." (Id.).

3

§2D1.1(a); See also Id., Commentary Application Note 12; §2D1.1(b); §2B1.1; §2J1.2(b); §2J1.2(b); §2H3.1(c); §1B1.3(a); §3C1.1; and many more. See USSG Manual of 2004.

The <u>Blakely</u> and <u>Booker</u> decision having declared section 3553(b)(1) as being **unconstitutional**, e.g. "null and void", easily meets the fact that infringement of the rule "seriously diminish the likelihood of obtaining an accurate conviction," and "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." <u>Sawyer v. Smith</u>, 111 L.Ed.2d 193 (1990).

B. <u>The Doctrine of Marbury v. Madison</u>

The Supreme Court of the United States asserted the right to declare an act of Congress unconstitutional for the first time in 1803 in the case of <u>Marbury v. Madison</u>, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803). Specifically, Congress had passed an act to give the Supreme Court original jurisdiction in a case not authorized by the Constitution, which especially enumerates the matter in which the Court should shall have original jurisdiction, However, the law was clearly in violation of the constitution, and the Supreme Court ruled that, for this reason, it was not binding--that is, it was "null and void".[3]

Hence, this Court should note, that declaring a statute "null and void" is a delicate act. "To paraphrase Cheif Justice

---

[3] "Null and void" means: "having **no** legal effect; without binding force." Blacks Law Dictionary, Second Pocket Edition of 2001.

Marshall, an 'act of the legislature' must be 'repugnant to the constitution' in order to be void." Booker, supra. (citing Marbury, supra., Justice Steven dissenting). Under such circumstances, there should be no doubt that the rule set forth in Blakely and Booker, supra., is a constitutional rule of "substantive" criminal law to which the Teague non-retroactivity principle is inapplicable.

C. Inapplicability of Teague v. Lane

According to Teague v. Lane, 489 U.S. 288 (1989), a new constitutional rule "of criminal procedure" may not be applied retroactively to cases on collateral review. It should not be mistaken though, that, the Blakely and Booker rule is **not** a rule "of criminal procedure". Instead, it is properly characterized as a new rule of "substantive" criminal law--analogous, in important ways, to the rule announced in Bailey v. U.S., 516 U.S. 137 (1995), and applied on collateral review in Bousley v. U.S., 523 U.S. 614 (1998).

In Bousley, the Supreme Court held that Teague "is inapplicable to the situation in which th[e] court decides the meaning of a criminal statute enacted by Congress." 523 U.S. at 620. Hence, the Blakely and Booker decision holds that the Sixth Amendment to the United Stated constitution procludes a judge from making judicial fact findings of the "substantive" **real conduct** underlying the crime of conviction. Id. It also should be noted that, Pre-Blakely and Booker, from as earily as the Reform Act, hundreds of thousands of defendants' Sixth Amendment right were infringed.

5

On the other hand, assuming arguendo, that the Blakely and Booker rule can be construed as a rule "of criminal procedure", there is still no retroactivity bar because the rule Blakely and Booker states easily fit within both of the recognized exceptions to the Teague doctrine.

1st Exception

The first exception provides that a new rule should be applied retroactively if it prohibits "a certain category of punishment for a class of defendants because of their ... offense." Graham v. Collins, 506 U.S. 461,477 (1993). Blakely and Booker "prohibits" 18 U.S.C. §3553(b)(1) punishment crimes and/or substantive conduct that was not authorized **"solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."** Blakely at 2537 (emphasis in original); See also Booker, supra.

2nd Exception

Alternatively, the second exception to Teague applies where the new rule is a "watershed rule of criminal procedure," that is, a rule that is both "implicit in the concept of ordered liberty" and "crucial to the accuracy of the adjudication." Graham, supra. at 478. The rule must not only contribute to fact-finding reliability; it must "alter our understanding of the 'bedrock procedural elements' essential to the [fundamental] fairness of a proceeding." Sawyer v. Smith, 497 U.S. 227,242-44 (1990).

Moreover, rules involving the "reasonable doubt standard" satisfy the reliability prongs of this exception, while rules in-

6

volving the "jury trial" guarantee satisfy the fundamental fairness prong. See <u>Nattle v. White</u>, 39 F.3d 1154,1157-58 (11th Cir. 1994)(holding that the "reasonable doubt" instruction rule of <u>Cage v. Lousisiana</u>, 498 U.S. 39 (1990) met the second <u>Teague</u> exception). From the previous judicial rulings above, undoubtedly, the new rule announced in <u>Blakely</u> and <u>Booker</u> involes both the "reasonable doubt standard" and "the jury trial guarantee"--thus implicating both the "accuracy" and "fairness" of criminal proceedings.

D. <u>Jurisdictional Defect</u>

It is fundamental Hornbook law that if there is a sentencing error from a lack of jurisdiction (jurisdictional defect) in the district court, a §2255 Movant does not need to demonstrate "cause" and "prejudice". Hence, an enhanced sentence is authorized **only** if the defendant had been charged with and convicted **"solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."** <u>Blakely</u>, supra. at pg. 2537. If the grand jury did not "specifically" charge those facts (drug quantity or elements in general) the government did not seek to prove the particular "offense", and the jury obviously did not find the defendant guilty of such an **offense** "beyond a reasonable doubt"; there was a clear lack of jurisdiction in this court to sentence Movant for the enhanced (or upward departure) "offense". Therefore, where a sentencing error of jurisdictional proportion occurs, courts have expressly recognized that neither "cause" nor "prejudice" need be shown. See <u>Harris v. U.S.</u>, 149 f.3d 1304,

1308-09. (11th Cir. 1998).

Moreover, in the words of the Supreme court that "failure [not to have the sentence 'based solely on the jury's verdict] [is] a unique constitutional defect ... ris[ing] to the level of a jurisdcitional defect.'" <u>Lackawanna County Dist. Attorney v. Cross</u>, 532 U.S. 394,404 (2001).

It is significant here that the <u>Blakely</u> and <u>Booker</u> sentencing/jurisdictional error, not only derived from the grand jury's failure to find probable cause as to all facts (elements) of the enhance (or upward departure) offense, but mainly the "trial jury" itself, in direct violation of the Sixth Amendment. Also too, the Fifth Amendment Indictment Clause is jurisdictional. Its violation has always been treated just as other jurisdcitional defects--reversible <u>per se</u>, without proof of prejudice. See <u>Stirone v. U.S.</u>, 361 U.S. 212 (1960).

Movant contends that the <u>Blakely</u> and <u>Booker</u> holdings are clear, the theme that the maximum sentence a judge may impose **"solely on the basis of the facts reflected in the jury verdict or admitted by the defendant,"** Id., when not followed, is a clear "substantive" constitutional defect, and therefore, should be applied retroactively on collateral review.

VI. CONCLUSION

Based on the foregoing, this Court should apply the above decisions as being retroactive to Movant's case.

8

Respectfully submitted,

*[signature]*
TERRANCE E. WILLIAMS, pro se
#25958-034 Unit 5-B
U.S.P. McCreary
P. O. Box 3000
Pine Knot, KY. 42635

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on Janurary 26, 2005, a true and correct copy of the foregoing has been furnished, (by depositing such into the U.S.P. McCreary prison mail-box), by United States mail to: United States Attorney Office, James Letten, 210 Hale Boggs Fed. Bldg., 501 Magazine Street, New Orleans, LA. 70130.

*[signature]*
TERRANCE E. WILLIAMS
Movant, pro se