**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 98-57** |
| **TERRANCE WILLIAMS** | **SECTION B** |

**ORDER AND REASONS**

Before the Court is Petitioner Terrance Williams's Motion to
Alter or Amend Judgment (Rec. Doc. No. 341).  For the reasons
that follow, **IT IS ORDERED** that Petitioner's Motion is **DENIED**.[1]

The Court should refrain from altering or amending a ruling
or judgment under Rule 59(e) of the Federal Rules of Civil
Procedure unless one of the following grounds is present: (1) the
judgment is based upon manifest errors of law or fact; (2) the
existence of newly discovered or previously unavailable evidence;
or (3) an intervening change in controlling law has occurred.
*See  Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567
(5th Cir. 2003); 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE:
CIVIL 2d § 2810.1, p. 125-27 (1995) ("Wright & Miller").  "A Rule
59(e) motion should not be used to relitigate prior matters that

---

[1]The Court notes a potential timeliness issue with
Petitioner's filing.  However, given Petitioner's delay in
receiving this Court's ruling, Petitioner's Motion is deemed
timely filed.

should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001); *see also Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D. La. Jan. 5, 2000); Wright & Miller, § 2810.1 at 127-28.  Further, recycled arguments - previously rejected by the court – serve only to waste judicial resources.  *See Self*, 172 F. Supp. 2d at 816; *Louisiana v. Sprint Commc'ns, Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly.  *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment); *see also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124 (1995).  Accordingly, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." *Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996).  The Court must balance between two competing interests: the desire to achieve and maintain a final judgment and the desire to reach a just decision based upon the evidence.  The *Freeman* court instructed the Court to consider the following in striking the balance "the reasons for the moving party's default, the importance of the

2

omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Freeman v. County of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998)

Petitioner's arguments do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 59(e) relief.  Petitioner fails to show that the Court must correct a manifest error of law or fact, that he has newly discovered or previously unavailable evidence,[2] or that an intervening change in controlling law has occurred since the time of the ruling; he merely restates the arguments considered by this Court in its previous ruling.  Finding that Petitioner has not provided the Court any basis for altering its ruling or judgment,

**IT IS ORDERED** that the Motion is **DENIED.**

New Orleans, Louisiana, this 4th day of April, 2006.

UNITED STATES DISTRICT JUDGE

---

[2]The Court notes Petitioner included excerpts of court documents not contained in his previous filing.  Petitioner uses these excerpts to support rehashed arguments from his previous filing.  Petitioner does not contend this is newly discovered or previously unavailable evidence.

3